

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 28 2020

CLERK, U.S. DISTRICT COURT
By_____
Deputy

WAYNE ALLEN, §
§
Petitioner, §
§
v. § No. 4:20-CV-191-A
§
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
§
Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to
28 U.S.C. § 2254 filed by petitioner, Wayne Allen, a state
prisoner confined in the Correctional Institutions Division of
the Texas Department of Criminal Justice, against Lorie Davis,
director of that division, respondent. After having considered
the pleadings and relief sought by petitioner, the court has
concluded that the petition should be summarily dismissed as an
unauthorized successive petition. No service has issued upon
respondent.

### I. Factual and Procedural History

Petitioner continues to serve his 50-year sentence on his
2010 conviction in Palo Pinto County, Texas, Case No. 14276A, for
engaging in criminal activity. (Pet. 2.) Petitioner has filed two
prior federal habeas petitions in this court challenging the same
conviction. The first was voluntarily dismissed at petitioner's

request and the second was dismissed as time-barred. (Pet. &
Order, Allen v. Stephens, No. 4:14-CV-094-A, docs. 1 & 20; Pet. &
Mem. Op., Allen v. Davis, No. 4:16-CV-828-A, docs. 1 &  .)

## II. Issues

In four grounds, petitioner asserts due-process and equal-
protection violations in the state-court proceedings. (Pet. 6.)

### III. Successive Petition

Rule 4 of the Rules Governing Section 2254 Cases in the
United States District Courts and 28 U.S.C. § 2243 both authorize
a habeas-corpus petition to be summarily dismissed.[1] The Fifth
Circuit recognizes a district court's authority under Rule 4 to
examine and dismiss frivolous habeas petitions prior to any
answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d
326, 328 (5th Cir. 1999).

_____

[1]Section 2243, governing applications for writ of habeas corpus,
provides:

> A court, justice or judge entertaining an application for a
> writ of habeas corpus shall forthwith award the writ or issue an
> order directing the respondent to show cause why the writ should
> not be granted, *unless it appears from the application that the
> applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge
> of the district court in accordance with the procedure of the
> court for the assignment of its business.  The petition shall be
> examined promptly by the judge to whom it is assigned.  *If it
> plainly appears from the face of the petition and any exhibits
> annexed to it that the petitioner is not entitled to relief in the
> district court, the judge shall make an order for its summary
> dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

Title 28 U.S.C. § 2244(b) requires dismissal of a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless the petition is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the United States Supreme Court or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3)(A). A district court cannot exercise jurisdiction over a second or successive § 2254 petition without such authorization. See 28 U.S.C. § 2244(b); *Crone v. Cockrell,* 324 F.3d 833, 836 (5th Cir. 2003).

From the face of this petition, it is apparent that this is a successive petition, and petitioner has not alleged or demonstrated that he has obtained authorization to file the petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). Without such authorization, this court is without jurisdiction to consider the petition. *See United States v. Orozco-Ramirez,* 211 F.3d 862, 867 (5th Cir. 2000); *Hooker v. Sivley,* 187 F.3d 680, 681-82 (5th Cir. 1999).

For the reasons discussed herein,

It is ORDERED that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, summarily dismissed without prejudice as an unauthorized successive petition. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.[2]

SIGNED February __28__, 2020.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

---

[2]Due to the court's lack of jurisdiction, no ruling is made on petitioner's application to proceed *in forma pauperis*. (Appl., doc. 2.)

4